IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

TOBI BUTLER                                            PLAINTIFF

V.                            CIVIL ACTION NO. 5:25-cv-62-DCB-BWR

UNITED STATES OF AMERICA                               DEFENDANT

ORDER ADOPTING MOTION FOR A MORE DEFINITE STATEMENT

THIS MATTER is before the Court on the Motion to Dismiss, or in the Alternative, for a More Definite Statement, filed by Defendant United States of America on June 17, 2026. [ECF No. 42]. Intervening Plaintiff, Progressive Fleet, filed its response on June 30, 2026. [ECF No. 45]. Defendant submitted its reply on July 7, 2026. [ECF No. 47]. Briefing on the matter is now complete, and the Court takes the parties' arguments under advisement, finding as follows:

I.   Background

The Motion to Dismiss, or in the Alternative for a More Definite Statement, presents a straightforward issue with two possible solutions. The United States contends that Progressive Fleet's complaint in intervention is unclear as to whether Progressive Fleet is seeking to recover directly from the United States or seeks reimbursement from any potential recovery awarded to Plaintiff, Tobi Butler. [ECF No. 43]. The United States argues that if Progressive Fleet seeks reimbursement from any award received by Plaintiff Butler, such a claim is permitted under the Mississippi Workers' Compensation Act. Id. at 2. However, if

Progressive Fleet seeks to recover damages directly from the United States, such a claim is barred for failure to exhaust administrative remedies. Id.

Accordingly, there are two potential remedies: (1) dismissal of any claim by Progressive Fleet for damages sought directly from the United States for lack of subject matter jurisdiction; or (2) requiring Progressive Fleet to provide a more definite statement of its claim against the United States. Id. at 2-5.

Intervenor Progressive Fleet clarifies that it is asserting only a statutory right to intervene for the purpose of obtaining reimbursement from any proceeds of Plaintiff Butler's potential recovery, and is not asserting an independent tort claim for damages against the United States. [ECF No. 46] at 2-3.

II.  Legal Standard

Rule 12(e) of the Federal Rules of Civil Procedure provides as follows:

> (e) Motion for a More Definite Statement. A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

III. Discussion

Defendant has identified insufficiencies in the allegations of Progressive Fleet's Complaint and explained its inability to frame an appropriate response. The Court finds that the Complaint is vague and ambiguous, and that Defendant is entitled to a more definite statement before being required to answer. Although Progressive Fleet has clarified in its response that it seeks only a statutory right to intervene for reimbursement from any proceeds of Plaintiff Butler's potential recovery and does not assert an independent tort claim for damages against the United States, the intervenor complaint itself remains unclear. It references both a right of subrogation for sums paid due to Defendant's alleged tortious conduct and also appears to join in Plaintiff Butler's demand for damages. In light of these ambiguities, the Court concludes that Defendant is entitled to a more definite statement of the claims.

Accordingly, the Motion for a More Definite Statement [ECF No. 42] is hereby GRANTED. Intervenor Progressive Fleet is ORDERED to file a more definite statement of its claims within fourteen (14) days of the date of this Order, clarifying that it asserts only a statutory right to reimbursement from any proceeds of Plaintiff Butler's potential recovery and does not assert an independent tort claim for damages against the United States.

Failure to timely comply may result in dismissal of the intervenor complaint.

SO ORDERED, this the 28th day of July, 2026.

/s/ David C. Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE